FILED
2010 Nov-16 PM 03:59
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
### NORTHEASTERN DIVISION

| | |
|---|---|
| **KELLY PATE,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Civil Action No. CV-09-S-1731-NE |
| ) | |
| **RAYCOM MEDIA, INC.,** ) | |
| ) | |
| **Defendant.** ) | |

## MEMORANDUM OPINION AND ORDER

This action is before the court on the motion of defendant, Raycom Media, Inc., asking this judge to recuse.[1] The statutory provisions pertinent to the issues raised by that motion are found in Title 28, United States Code, Sections 144 and 455. Of these, the first section is the most important, because it establishes the procedural requirements for the submission of such motions. Specifically, Section 144 provides that:

> Whenever a party to any proceeding in a district court makes and files a *timely and sufficient affidavit* that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

---

[1] *See* doc. no. 41 ("Raycom Media, Inc.'s Motion to Recuse," filed under seal on Aug. 31, 2010). *See also id.* doc. no. 38 (defendant's motion for leave to file motion to recuse under seal), doc. no. 39 (defendant's unopposed motion to continue the deadline for filing defendant's motion for summary), and doc. no. 40 (order granting both motions).

> The *affidavit* shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. *It shall be accompanied by a certificate of counsel of record stating that it is made in good faith*.

28 U.S.C. § 144 (emphasis supplied).

In the present case, the defendant's attorney filed only a bald motion, unadorned by an affidavit, much less a "sufficient affidavit," as required by Section 144. Moreover, the motion was not "accompanied by a certificate of counsel of record stating that it was made in good faith." Finally, the motion was not "timely"; instead, it was submitted on the last date for filing dispositive motions.[2] The present motion could, and probably should, be denied for those derelictions of counsel alone.

Even so, as this same court held in a case with statewide importance, "no judge should intentionally do anything that is damaging to confidence in the integrity and impartiality of the federal judiciary. Even the appearance of impropriety is a matter

---

[2] This court entered a scheduling order on October 28, 2009, requiring, among other things, that all potentially dispositive motions be filed no later than July 2, 2010. (*See* doc. no. 10 (scheduling order entered Oct. 28, 2009), at 1.) That deadline subsequently was extended by sixty days, to August 31, 2010. (See the Order electronically "stamped" on the docket sheet on May 6, 2010, granting doc. no. 18 (plaintiff's unopposed motion for extension of all remaining deadlines specified in this court's scheduling order (doc. no. 10)), and having the effect of extending the deadline for filing dispositive motions sixty days, to and including Aug. 31, 2010.) On that date, however, defendant did not file a motion for summary judgment, but instead submitted the motion that is addressed in this opinion.

2

persuasive of remedial action."[3]  Moreover, as this court observed in another case:

> Ultimately, the power of the federal judiciary to act as a cementitious institution, binding the disparate and discordant elements of our democratic republic into an orderly whole, rests upon nothing more substantial than the ethereal virtue of persuasion and the public's perception of principled decision-making.[4]

Accordingly, it is ordered that a copy of this opinion and the case file be forwarded to Sharon Harris, the Clerk of Court, for random reassignment to another Judge of this court..

**DONE** and **ORDERED** this 16th day of November, 2010.

_____
United States District Judge

---

[3] *United States v. Bobo et al.*, No. CR-04-S-200-W (N.D. Ala., filed June 30, 2004) slip op. (doc. no. 54) at 11.  *See also* 28 U.S.C. § 455(a).

[4] *Jenkins v. BellSouth Corp.*, No. CV-02-C-1057-S (N.D. Ala., filed Sept. 13, 2002), slip op. (doc. no. 58) at 11.